

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| CHARLES KALEB VANLANDINGHAM, Administrator for the Estate of CHARLES LAMAR VANLANDINGHAM,  Plaintiff,  v.  THE CITY OF OKLAHOMA CITY, a municipal corporation,  Defendant. | FILED IN DISTRICT COURT OKLAHOMA COUNTY  JUN 10 2021  RICK WARREN COURT CLERK 73_____  Case No. CJ-2021-2515 |

## PETITION

The Plaintiff, Charles Kaleb Vanlandingham, Administrator for the Estate of Charles Lamar Vanlandingham, for his claims against the above-stated Defendant, alleges and states as follows:

### I.
### PARTIES

1. Charles Kaleb Vanlandingham is an individual person who resides in Grand Junction, Colorado.

2. Charles Kaleb Vanlandingham is the appointed administrator for the Estate of Charles Lamar Vanlandingham.

3. The City of Oklahoma City is a political subdivision organized under the laws of the State of Oklahoma, located in Oklahoma County, Oklahoma.

EXHIBIT 1

1

## II.
## VENUE AND JURISDICTION

4. The claims asserted herein arise from events that occurred in Yukon, Canadian County, Oklahoma, on September 15, 2019.

5. On September 14, 2020, the Estate of Charles Lamar Vanlandingham sent an Oklahoma Governmental Tort Claims Act Notice to the City Clerk for the City of Oklahoma City.

6. The Clerk for the City of Oklahoma City received the notice on September 14, 2020, giving Defendant City of Oklahoma City ninety (90) days to respond.

7. Defendant City of Oklahoma City never responded to the Estate's Tort Claim. Therefore, each claim was deemed rejected as of December 13, 2020. See Okla. Stat. tit. 51, § 157(B). Thereafter, the Estate had 180 days to file a lawsuit pursuant to Okla. Stat. tit. 51, § 157(B).

## III.
## FACTS RELATING TO ALL CLAIMS FOR RELIEF

8. On September 15, 2019, in the early morning hours, Mr. Vanlandingham had a seizure.

9. His friend called 911 to get him assistance.

10. In response to this 911 call, EMSA, the Oklahoma City Fire Department, and the Oklahoma City Police Department arrived at the scene.

11. While coming out of the seizure, Mr. Vanlandingham was in a postictal state.

12. Mr. Vanlandingham was not aware of his surroundings, and he needed medical attention to alleviate a serious and pressing medical condition.

13. In an affront to common health standards and good public service, EMSA and the Oklahoma City Fire Department tackled Mr. Vanlandingham to the ground.

14. At least four (4) firefighters with the Oklahoma City Fire Department then proceeded to pin down Mr. Vanlandingham.

15. One individual was holding Mr. Vanlandingham's legs; another was seated on his lower back pushing down on Mr. Vanlandingham's upper back; another placed his knee on Mr. Vanlandingham's shoulder and neck area and proceeded to use his hands to press down on the back of Mr. Vanlandingham's head; and a fourth used his hands to press down on the back of Mr. Vanlandingham's head.

16. All this was done while Mr. Vanlandingham was laying facedown with his hands held behind his back.

17. While Mr. Vanlandingham was pinned down and struggled to breathe, an officer with the Oklahoma City Police Department arrived at the scene.

18. As Mr. Vanlandingham was suffering this medical emergency, an Oklahoma City firefighter asked the Oklahoma City police officer to handcuff Mr. Vanlandingham.

19. The Oklahoma City police officer proceeded to place handcuffs on Mr. Vanlandingham.

20. Mr. Vanlandingham had committed no crime. His detention, and the force being used to restrain him, was unreasonable.

21. Mr. Vanlandingham repeatedly screamed out in pain and yelled for help while he was suffering under the weight of at least four (4) adult men, laying facedown, with his hands cuffed behind his back.

22. In response, a member of the Oklahoma City Fire Department yelled "quit" and "hold still" and "you're not going to buck me off."

23. Upon information and belief, Mr. Vanlandingham remained in this facedown position with at least four (4) adult men holding him down for over ten (10) minutes.

24. This facedown position with hands cuffed behind his back restricted Mr. Vanlandingham's air flow.

25. Eventually, Mr. Vanlandingham lost consciousness.

26. Mr. Vanlandingham stopped breathing and died on the floor of his friend's home without ever being transported to a hospital.

27. This result was avoidable, and Mr. Vanlandingham should not be dead right now.

28. Acting jointly, the employees of the City of Oklahoma City negligently provided treatment and failed to use reasonable standards of care to treat Mr. Vanlandingham.

29. Because of the negligent acts of the Defendant, Mr. Vanlandingham suffered from physical and mental injuries and pain, and his Estate has had financial losses in the form of lost wages and other end of life expenses.

## IV.
## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – Negligence Under Oklahoma Law

Paragraph Nos. 1-29 are re-alleged and adopted as if set forth at length.

30. The conduct described herein constitutes a violation of Mr. Vanlandingham's rights under Oklahoma law to be free from negligence.

31. Defendant owed a duty of care to Mr. Vanlandingham to provide reasonable care at the time of his medical need.

32. Defendant violated that duty by unreasonably restraining Mr. Vanlandingham, using excessive force during the restraint, and by keeping him facedown with weight on his back for over ten (10) minutes causing him to die.

33. At the time of Mr. Vanlandingham's death, the Oklahoma City firefighters and the police officer involved in the incident were employed by and working on behalf of the City of Oklahoma City, a political subdivision of the State of Oklahoma.

34. The above referenced firefighters and police officer were performing their actions within the scope of their employment at the City of Oklahoma City.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant in an amount in excess of $10,000.00 compensatory damages together with court costs, attorneys' fees, interest, and such other and further relief the Court may deem just and proper.

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Respectfully submitted,

*[signature]*

Vicki Zemp Behenna, OBA # 10734
BEHENNA GOERKE KRAHL & MEYER, PLLC
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
Telephone: (405) 232-3800
Fax: (405) 232-8999
vzb@lawfirmokc.com
*Attorney for Plaintiff*

6