
*1050312233*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 14 2021

RICK WARREN
COURT CLERK
112

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| CHARLES KALEB VANLANDINGHAM, Administrator for the Estate of CHARLES LAMAR VANLANDINGHAM, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CJ-2021-2515 |
| (1) THE CITY OF OKLAHOMA CITY, a municipal corporation; (2) AMERICAN MEDICAL RESPONSE ABULANCE SERVICE, INC., a foreign corporation; (3) JOHN DOES #1-4, employees of the Oklahoma City Fire Department, individually; and (4) Officer Brandon Lee, an employee of the Oklahoma City Police Department, individually, | ) | |
| Defendant. | ) | |

**FIRST AMENDED PETITION**

The Plaintiff, Charles Kaleb Vanlandingham, Administrator for the Estate of Charles Lamar Vanlandingham, for his claims against the above-stated Defendants, alleges and states as follows:

## I.
## PARTIES

1. Charles Kaleb Vanlandingham is an individual person who resides in Grand Junction, Colorado.

2. Charles Kaleb Vanlandingham was appointed the administrator for the Estate of Charles Lamar Vanlandingham.



EXHIBIT
2
exhibitsticker.com

3. The City of Oklahoma City ("the City") is a political subdivision organized under the laws of the State of Oklahoma, located in Oklahoma County, Oklahoma. The City maintains a police department and fire department that is tasked with providing public safety and medical support for the public.

4. American Medical Response Ambulance Service, Inc. ("AMR") is a private ambulance corporation that is contracted by EMSA to provide the private ambulance service to the EMSA service area, which includes the location of Mr. Vanlandingham's death.

5. Upon information and belief, John Does #1-4 were employees of the Oklahoma City Fire Department. John Does #1-4 are sued under a fictious designation because Plaintiff has been unable to ascertain their names or identifying information, despite reasonable efforts to do so. John Does #1-4 are sued in their individual capacity.

6. Officer Brandon Lee was an officer with the City police department. Officer Lee is sued in this individual capacity and, upon information and belief, resides in Oklahoma County.

## II.
## VENUE AND JURISDICTION

7. The claims asserted herein arise from events that occurred in Yukon, Canadian County, Oklahoma, on September 15, 2019.

8. On September 14, 2020, the Estate of Charles Lamar Vanlandingham sent an Oklahoma Governmental Tort Claims Act Notice to the City Clerk for the City of Oklahoma City.

9. The Clerk for the City of Oklahoma City received the notice on September 14, 2020, giving Defendant City of Oklahoma City ninety (90) days to respond.

10. Defendant City of Oklahoma City never responded to the Estate's Tort Claim. Therefore, each claim was deemed rejected as of December 13, 2020. See Okla. Stat. tit. 51, § 157(B). Thereafter, the Estate had 180 days to file a lawsuit pursuant to Okla. Stat. tit. 51, § 157(B).

11. The Petition was filed June 10, 2021.

## III.
## FACTS RELATING TO ALL CLAIMS FOR RELIEF

12. On September 15, 2019, in the early morning hours, Mr. Vanlandingham had a seizure.

13. Mr. Vanlandingham's friend called 911 to get him assistance.

14. In response to the 911 call, paramedics for AMR arrived on the scene first.

15. Paramedics for AMR were in charge of the scene because the call was for a medical emergency.

16. The Oklahoma City Fire Department arrived shortly after paramedics for AMR.

17. While coming out of the seizure, Mr. Vanlandingham was in a postictal state.

18. As a result of this postictal state, Mr. Vanlandingham was not aware of his surroundings.

19. In an affront to common medical procedures, protocol standards, and good public service, paramedics for AMR and the Oklahoma City Fire Department tackled Mr. Vanlandingham to the ground.

20. At least four (4) firefighters with the Oklahoma City Fire Department then proceeded to pin Mr. Vanlandingham to the ground facedown.

21. One firefighter was holding Mr. Vanlandingham's legs; another sat on his lower back pushing down on Mr. Vanlandingham's upper back; another placed his knee on Mr. Vanlandingham's shoulder and neck area and proceeded to use his hands to press down on the back of Mr. Vanlandingham's head; and a fourth used his hands to press down on the back of Mr. Vanlandingham's head.

22. All this was done while Mr. Vanlandingham was laying facedown on the ground with his hands held behind his back.

23. While Mr. Vanlandingham was pinned down and struggling to breathe, Officer Brandon Lee with the Oklahoma City Police Department arrived at the scene.

24. As Mr. Vanlandingham was in a postictal state suffering a medical emergency, an Oklahoma City firefighter asked officer Lee to handcuff Mr. Vanlandingham.

25. Officer Lee proceeded to place handcuffs on Mr. Vanlandingham, further restraining his movement.

26. Mr. Vanlandingham had committed no crime.

27. His detention, and the force being used to restrain him, was unlawful and unreasonable.

28. Mr. Vanlandingham repeatedly screamed out in pain and yelled for help while he was suffering under the weight of at least four (4) adult men on his back and hed, laying facedown, with his hands cuffed behind his back.

29. In response, a member of the Oklahoma City Fire Department coldly yelled "quit" and "hold still" and "you're not going to buck me off."

30. Paramedics for AMR, acting within the scope of their employment, encouraged and requested Mr. Vanlandingham's restraint during this medical emergency.

31. Furthermore, paramedics for AMR failed to maintain or monitor Mr. Vanlandingham's airway and breathing during his facedown restraint.

32. Paramedics for AMR had final medical decision-making authority at the scene that night.

33. Paramedics for AMR had the most medical training of all parties involved and they had a duty to use reasonable medical care in their treatment of Mr. Vanlandingham.

34. Upon information and belief, Mr. Vanlandingham remained in this facedown position with at least four (4) adult men holding him down for over ten (10) minutes.

35. This facedown position with hands cuffed behind his back restricted Mr. Vanlandingham's air flow.

36. Paramedics for AMR did nothing to alleviate or cure these deadly restrictions on Mr. Vanlandingham's air flow.

37. In fact, paramedics for AMR made the situation even more dangerous by administering a sedative to Mr. Vanlandingham.

38. The sedative, coupled with the body weight on his back compressing his lungs, further restricted Mr. Vanlandingham's ability to draw breath.

39. Eventually, Mr. Vanlandingham lost consciousness.

40. He stopped breathing and died on the floor of his friend's home without ever being transported to a hospital.

41. Mr. Vanlandingham's last words were grunts and groans, "Daaaaaad", and "help".

42. This result was avoidable, and Mr. Vanlandingham should not be dead right now.

43. Acting jointly, the employees of AMR and the City negligently provided medical treatment and failed to use reasonable standards of care to treat Mr. Vanlandingham.

44. Additionally, officer Brandon Lee and the City firefighters, while operating under color of law, violated Mr. Vanlandingham's constitutional rights by unlawfully seizing Mr. Vanlandingham and by using excessive force during the detention.

45. Because of the wanton, malicious, reckless, and negligent acts of the Defendants, Mr. Vanlandingham suffered physical and mental injuries in the form of pain and suffering, the loss of his life, and his Estate has had financial losses in the form of lost wages and other end of life expenses.

## IV.
## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – Unlawful Seizure Under 42 U.S.C. § 1983 (against all individual Defendants)

Paragraph Nos. 1-44 are re-alleged and adopted as if set forth at length.

46. The conduct described herein constitutes a violation of Mr. Vanlandingham's right as a citizen of the United States, under 42 U.S.C. § 1983, to be free from unreasonable seizure and wrongful arrest.

47. The Fourth Amendment's requirement that a search and seizure be reasonable was clearly established throughout the United States at the time the conduct herein occurred.

48. Defendants John Does #1-4 and Brandon Lee detained Mr. Vanlandingham against his will without probable cause or reasonable suspicion to do so. Mr. Vanlandingham was denied his liberty to freely end and leave the encounter with law enforcement.

49. Mr. Vanlandingham had committed no crime.

50. The want of probable cause is, and was at the time of arrest, evident.

51. Defendants John Does #1-4 and officer Brandon Lee were acting under color of law when the violation of Mr. Vanlandingham's rights occurred because they were clothed with either the actual or apparent authority of the City, a political subdivision of the State of Oklahoma.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against all individual Defendants for an amount that will reasonably compensate him for

his damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

**SECOND CLAIM FOR RELIEF – Excessive Force Under 42 U.S.C. § 1983 (against all individual Defendants)**

Paragraph Nos. 1-51 are re-alleged and adopted as if set forth at length.

52. The conduct described herein constitutes a violation of Mr. Vanlandingham's right as a citizen of the United States, under 42 U.S.C. § 1983, to be free from unreasonable seizure and a brutal and unnecessary use of force that causes death.

53. The excessive force took place during an unlawful arrest or seizure.

54. The Fourth Amendment's requirement that seizures be reasonable was clearly established throughout the United States at the time the conduct herein occurred.

55. The force used by Defendant John Does #1-4 and officer Brandon Lee was unreasonable under the circumstances.

56. Defendant John Does #1-4 violently held Mr. Vanlandingham down with their body weight for over ten (10) minutes while they slowly suffocated him and stopped his heart.

57. Officer Brandon Lee assisted Defendant John Does #1-4 by handcuffing Mr. Vanlandingham's arms behind his back, denying him the ability to use his arms to press up or turn to catch his breath.

58. Defendant John Does #1-4 and officer Brandon Lee were acting under color of law when the violation of Mr. Vanlandingham's rights occurred because they were

clothed with either the actual or apparent authority of the City, a political subdivision of the States of Oklahoma.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against all individual Defendants for an amount that will reasonably compensate him for his damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

**THIRD CLAIM FOR RELIEF – Civil Conspiracy to Violate/Deprive Constitutional Rights Under 42 U.S.C. § 1983 (against all individual Defendants)**

Paragraph Nos. 1-58 are re-alleged and adopted as if set forth at length.

59. The individual Defendants, acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act in concert in order to deprive the Plaintiff of his constitutional rights, including his right to be free from unlawful arrest and excessive force.

60. The individual Defendants, acting in concert, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

61. In furtherance of the conspiracy, each of the co-conspirators engaged in and facilitated numerous overt acts, including but not limited to those set forth above - such as tackling Mr. Vanlandingham to the ground, pinning him there under the body weight of four (4) firefighters, and handcuffing his arms behind his back while he slowly died - and each was an otherwise willful participant in join activity.

62. As a direct and proximate result of the illicit prior agreement and actions in furtherance of the conspiracy referenced above, Plaintiff's rights were violated and he suffered injuries, including by not limited to loss of liberty, physical harm, emotional distress, and the loss of his life.

63. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and/or deliberate indifference to the rights of Mr. Vanlandingham.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against all individual Defendants for an amount that will reasonably compensate him for his damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

**FOURTH CLAIM FOR RELIEF – Failure to Intervene Under 42 U.S.C. § 1983**
**(against all individual Defendants)**

Paragraph Nos. 1-63 are re-alleged and adopted as if set forth at length.

64. In the manner described above, by their conduct and under color of law, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.

65. As a direct and proximate result of the Defendant's failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered injuries,

including but not limited to loss of liberty, physical harm, and emotional distress. These Defendants had a reasonable opportunity to prevent this harm but failed to do so.

66. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and/or willful indifference to the clearly established constitutional rights of Mr. Vanlandingham.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against all individual Defendants for an amount that will reasonably compensate him for his damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

**FIFTH CLAIM FOR RELIEF – Municipal Liability Under 42 U.S.C. § 1983 (against the City)**

Paragraph Nos. 1-66 are re-alleged and adopted as if set forth at length.

67. The actions of each of the individual Defendants, and other parties described herein, were undertaken pursuant to policies, practices, and/or customs of the City.

68. The policies, practices, and/or customs described in this Petition were maintained and implemented by the City with deliberate indifference to the constitutional violations likely to result.

69. In particular, the City failed to train its officers and firefighters on proper restraint procedures for seizure patients.

70. The City failed to train its officers on how to maintain airway and breathing of a citizen patient while he is in need of medical care.

71. Upon information and belief, the City had no written policies, procedures or guidelines concerning appropriate restraint procedures for seizure patients.

72. The failure to have written policies and procedures regarding these fundamental aspects of law enforcement procedure is further evidence of an unconstitutional failure to train and supervise in deliberate indifference to the harms likely to result therefrom.

73. Finally, the City ratified the unconstitutional conduct of the individual Defendant's by failing to take action to correct the misconduct when it came to their attention.

74. Upon information and belief, the City reviewed the conduct described above and affirmatively cleared the officers and firefighters involved.

75. There is a causal nexus between the policies, practices, and customs and Plaintiff's damages and injuries described herein.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against all individual Defendants for an amount that will reasonably compensate him for his damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

**SIXTH CLAIM FOR RELIEF – Negligence Under Oklahoma Law (against the City and AMR)**

Paragraph Nos. 1-75 are re-alleged and adopted as if set forth at length.

76. The conduct described herein constitutes a violation of Mr. Vanlandingham's rights under Oklahoma law to be free from negligence.

77. Defendants owed a duty of care to Mr. Vanlandingham to provide reasonable care at the time of his medical need.

78. Defendant violated that duty by unreasonably restraining Mr. Vanlandingham, by keeping him facedown with weight on his back for over ten (10) minutes, by failing to maintain and monitor Mr. Vanlandingham's airway and breathing, and by administering a sedative after his prolonged restraint.

79. These actions collectively caused Mr. Vanlandingham's death.

80. At the time of Mr. Vanlandingham's death, the Oklahoma City firefighters and the police officer involved in the incident were employed by and working on behalf of the City of Oklahoma City, a political subdivision of the State of Oklahoma.

81. The above referenced firefighters and police officer were performing their actions within the scope of their employment at the City of Oklahoma City.

82. Additionally, the paramedics involved, who had final medical decision-making authority at the scene, were employed by and working on behalf of AMR.

83. The referenced paramedics were performing their actions within the scope of their employment at AMR.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against all individual Defendants for an amount that will reasonably compensate him for his damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

**ATTORNEY'S LIEN CLAIMED**

**JURY TRIAL DEMANDED**

Respectfully submitted,

W. BRETT BEHENNA, OBA #30485
BEHENNA, GOERKE, KRAHL, & MEYER
210 Park Ave. Suite 3030
Oklahoma City, Oklahoma 73102
Main Telephone: 405-232-3800
Fax: 405-232-8999
Email: bb@lawfirmokc.com

ATTORNEY FOR PLAINTIFF