**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHARLES KALEB VANLANDINGHAM, | ) | |
| Administrator for the Estate of Charles Lamar | ) | |
| Vanlandingham | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-22-209-D |
| | ) | |
| (1)CITY OF OKLAHOMA CITY, a municipal | ) | |
| Corporation; | ) | |
| (2)AMERICAN MEDICAL RESPONSE | ) | |
| AMBULANCE SERVICE INC., a foreign | ) | |
| Corporation; | ) | |
| (3)OFFICER BRANDON LEE, an employee of the | ) | |
| Oklahoma City Police Department, individually, | ) | |
| (4) FIREMAN KEVIN D. ROLKE, an employee | ) | |
| of the Oklahoma City Fire Department, individually, | ) | |
| (5) FIREMAN TREVOR LEWIS an employee | ) | |
| of the Oklahoma City Fire Department, individually, | ) | |
| (6) FIREMAN SHAWN M. MORTON, an employee | ) | |
| of the Oklahoma City Fire Department, individually, | ) | |
| (7) FIREMAN ZACHARY OSTEN an employee | ) | |
| of the Oklahoma City Fire Department, individually, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT CITY OF OKLAHOMA CITY**
**TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COMES NOW a Defendant, The City of Oklahoma City ("City"), and for its

Answer to the Third Amended  Complaint of Plaintiff filed herein, alleges and states as

follows:

1.    City is without sufficient information to admit or deny paragraph 1 and therefore

it is denied.

2.    City is without sufficient information to admit or deny paragraph 2 and therefore it is denied.

3.    City is a political subdivision organized under the laws of the State of Oklahoma. The remainder of paragraph 3 is denied as written.

4.    City is without sufficient information to admit or deny paragraph 4 and therefore it is denied.

5.    City admits Brandon Lee was an officer of the Oklahoma City Police Department and was acting within the course and scope of his employment at the time of this alleged incident.   City is without sufficient information to admit or deny the remaining allegations in this paragraph and it is therefore denied.

6.    City admits Kevin Rolke was fireman with the City fire Department. City is without sufficient information to admit or deny the remaining allegations in this paragraph and it is therefore denied.

7.    City admits Trevor Lewis was fireman with the City fire Department. City is without sufficient information to admit or deny the remaining allegations in this paragraph and it is therefore denied.

8.    City admits Shawn Morton was fireman with the City fire Department. City is without sufficient information to admit or deny the remaining allegations in this paragraph and it is therefore denied.

9.    City admits Zachary Osten was fireman with the City fire Department. City is without sufficient information to admit or deny the remaining allegations in this paragraph and it is therefore denied.

10. City is without sufficient information to admit or deny the allegations in paragraph 10, therefore it is denied.

11. City received a notice of tort claim from Plaintiff on September 14, 2020. City is without sufficient information to admit or deny the remainder of paragraph 11; therefore, it is denied as written.

12. City received a notice of tort claim from Plaintiff on September 14, 2020. The remainder of paragraph 12 is denied as written.

13. Denied at as written.

14. Admitted.

15. City is without sufficient information to admit or deny paragraph 15 and therefore it is denied.

16. City is without sufficient information to admit or deny paragraph 16 and therefore it is denied.

17. City is without sufficient information to admit or deny paragraph 17 and therefore it is denied.

18. City denies paragraph 18 as written.

19. City is without sufficient information to admit or deny paragraph 19 and therefore it is denied.

20. City is without sufficient information to admit or deny paragraph 20 and therefore it is denied.

21. City is without sufficient information to admit or deny paragraph 21 and therefore it is denied.

22. City is without sufficient information to admit or deny paragraph 22 and therefore it is denied.

23. City is without sufficient information to admit or deny paragraph 23 and therefore it is denied.

24. City is without sufficient information to admit or deny paragraph 24 and therefore it is denied.

25. City denies paragraph 25.

26. City denies paragraph 26.

27. City admits paragraph 27 only to the extent that its Police and Fire Departments were called to the scene; otherwise, this paragraph is denied as written.

28. City admits paragraph 28 only to the extent the Fire Department arrived on the scene.

29. City admits paragraph 29.

30. Denied.

31. Denied.

32. Denied as written.

33. Denied.

34. Denied.

35. Denied.

36. City is without sufficient information to admit or deny paragraph 36 and therefore it is denied.

37. City is without sufficient information to admit or deny paragraph 37 and therefore it is denied.

38. City is without sufficient information to admit or deny paragraph 38 and therefore it is denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied as written.

43. Denied as written.

44. Denied as written.

45. Denied.

46. City is without sufficient information to admit or deny paragraph 46; therefore it is denied as written.

47. Denied.

48. City is without sufficient information to admit or deny paragraph 48; therefore, it is denied.

49. City is without sufficient information to admit or deny paragraph 49; therefore, it is denied.

50. City is without sufficient information to admit or deny paragraph 50; therefore it is denied.

51. Denied as written.

52. Admitted only to the extent that while responding to the call, at some point "took out" his handcuffs.

53. City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

54. City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

55. Denied as written.

56. Admitted only to the extent that Mr. Vanlandingham was handcuffed; otherwise, denied as written.

57. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written.

58. Denied.

59. Denied.

60. Denied.

61. Denied as written.

62. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written.

63. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written.

64. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written.

65. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written.

66. Denied.

67. Denied.

68. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written

69. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written

70. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written

71. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written

72. City is without sufficient information to admit or deny this paragraph; therefore it is denied as written

73. Denied.

74. Denied as written.

75. Denied.

76. Denied as written.

77. Denied as written.

78. City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

79. Denied.

80. Denied.

81. Denied as written.

82. Denied as written.

83. Denied as written.

84. Denied as written.

85. City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

86. City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

87. City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

88. City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

89. Does not contain allegations against City. To extent it does, City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

90. Does not contain allegations against City. To extent it does, City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

91. Does not contain allegations against City. To extent it does, City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

92. Does not contain allegations against City. To extent it does, City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

93. Does not contain allegations against City. To extent it does, City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

94. Does not contain allegations against City. To extent it does, City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

95. Does not contain allegations against City. To extent it does, City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

96. Does not contain allegations against City. To extent it does, City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

97. Denied.

98. Denied as written.

99. Denied.

100.     City is without sufficient information to admit or deny this paragraph; therefore, it is denied as written.

101. Denied.

102. Admitted to the extent "chest compressions" were performed.

103. Denied as written.

104. Admitted to the extent that Mr. Vanlandingham died before he was transported to hospital; otherwise, denied as written.

105. City is without sufficient information to admit or deny; therefore, denied as written.

106. Denied.

107. Denied.

108. City is without sufficient information to admit or deny; therefore, denied.

109. Denied.

110. Denied.

111. Denied.

112. Paragraph 112 is an improper legal conclusion not requiring a response. To the extent a response is required, denied.

113. City admits the text of the Fourth Amendment in the United States Constitution requires that all searches and seizures be reasonable.  City denies the remainder of or any other interpretation of paragraph 113.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied as written. City also denies the prayer for relief immediately following this paragraph.

119 through 134. These paragraphs do not contain allegations against Defendant City; therefore, they do not require a response.  To the extent a response is required, they are denied as written. This response also addresses the prayers for relief located within these paragraphs.

135.     Denied as written.

136.     Denied.

137.     Denied.

138.     Denied.

139.     Denied.

140.     Denied.

141.     Denied as written.

142.     Denied.

143.     Denied.

144.     Denied as written.

145.     Denied.

146.     Denied as written.

147.     Denied.

148.     Denied.  The prayer for relief immediately following this paragraph is also denied.

149.     Denied.

150.     Improper legal conclusion. Denied as written.

151.     Denied.

152.    Denied.

153.    Admitted.

154.    Admitted.

155.    Denied.

156.    This paragraph does not contain allegations against the City.

157.    This paragraph does not contain allegations against the City. The prearyer for relief immediately following this paragraph is denied.

## AFFIRMATIVE DEFENSES

COMES NOW a Defendant, City of Oklahoma City, and for its Affirmative Defenses states as follows:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted under state or federal law.

2.    Plaintiff's own conduct contributed to and caused his injuries and damages.

3.    Plaintiff's own conduct was criminal and negligent and was the intervening and/or supervening cause of his injuries and damages.

4.    City had training, policies, procedures, rules and/or customs relevant to handling incidents of the type alleged here.

5.    All relevant City training and its policies, procedures, rules and/or customs were constitutional.

6.    City training and its policies, procedures, rules and/or customs were not the cause of or the moving force behind Plaintiff's alleged injuries and damages.

7. City did not act or fail to act with deliberate indifference or otherwise with the requisite degree of culpability to establish municipal liability under § 1983.

8. City did not fail to train its employees on procedures relevant to this incident.

9. City did not fail to supervise its employees.

10. City did not fail to take corrective action with its employees.

11. City is not responsible for the criminal and/or negligent conduct of Plaintiff who caused the injuries and damages sustained by Plaintiff.

12. City is not responsible for the conduct of any EMSA or AMR employees that were involved in this incident.

13. Plaintiff's damages are limited and/or barred by the Oklahoma Governmental Torts Claim Act (OGTCA).

14. City is exempt from liability pursuant to the OGTCA.

15. Any de facto policies alleged by Plaintiff to be the policies of City in regard to this matter are not the policies of City.

16. The conduct of the individual city employees named in this action did not violate state or federal law, did not constitute negligence, and was constitutional.

17. The conduct of the individual city employees named in this action was lawful and consistent with the lawful policies and training of City.

18. Allegations against the individual city employees is improper.

19. Individual city employees are entitled to qualified immunity.

20. Plaintiff cannot recover punitive damages against City or any of its employees in their official capacity.

21.  The City of Oklahoma City cannot conspire.

WHEREFORE, Defendant, City of Oklahoma City, having answered Plaintiff's Complaint, prayerfully requests that this Court grant it judgment against Plaintiff, its costs and attorney fees.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor

Sherri R. Katz
Litigation Division Head


/s/ Katie Goff
Katie Goff, OBA# 32402
Richard N. Mann, OBA #11040
Assistant Municipal Counselors
200 N. Walker, 4th Floor
Oklahoma City, OK 73102
(405) 297-2451
katie.goff@okc.gov
richard.mann@okc.gov

*Attorneys for Defendant City*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of November, I electronically transmitted the attached Answer to the Clerk of the Court using the ECF filing system and transmittal of a Notice of Electronic Filing to the following ECF registrants: W. Brett Behenna, bb@lawfirmokc.com, Attorney for Plaintiff; Stacey H. Felkner, shf@czwlaw.com, Chris Collins, cjc@czwlaw.com, and William R. Moon, Jr., wrm@czwlaw.com, attorneys for Defendant Lee; and Nathan E. Clark, nclark@rhodesokla.com and Denelda Richardson, drichardson@rhodesokla.com, Attorneys for Defendant, American Medical Response Ambulance Service, Inc.

/s/ Katie Goff
Assistant Municipal Counselor