## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES KALEB VANLANDINGHAM, Administrator for the Estate of Charles Lamar Vanlandingham<br><br>Plaintiff,<br><br>vs.<br><br>(1) THE CITY OF OKLAHOMA CITY, a municipal corporation;<br>(2) AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., a foreign corporation;<br>(3) OFFICER BRANDON LEE, an employee of the Oklahoma City Police Department, individually;<br>(4) FIREMAN KEVIN D. ROLKE, an employee of the Oklahoma City Fire Department, individually;<br>(5) FIREMAN TREVOR LEWIS, an employee of the Oklahoma City Fire Department, individually;<br>(6) FIREMAN SHAWN M. MORTON, an employee of the Oklahoma City Fire Department, individually; and<br>(7) FIREMAN ZACHARY OSTEN, an employee of the Oklahoma City Fire Department, individually;<br><br>Defendants. | Case No. 5:22-cv-00209-D |

## ANSWER OF AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC. TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW, Defendant American Medical Response Ambulance Service, Inc. ("AMRAS"), and in response to the Third Amended Complaint of Plaintiff hereby states as follows:

## Parties

1.      AMRAS is without sufficient information to admit or deny the allegations of Paragraph 1 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

2.      AMRAS is without sufficient information to admit or deny the allegations of Paragraph 2 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

3.      While AMRAS is generally familiar with the allegations contained in Paragraph 3 of Plaintiff's Third Amended Complaint, it is without sufficient specific information to admit or deny those, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

4.      AMRAS admits that at the time the events alleged by Plaintiff took place in September 2019, AMRAS contracted with EMSA to provide personnel to staff the ambulance service in Yukon, Oklahoma.  AMRAS is a privately-owned company.  Insofar as further allegations are made in Paragraph 4 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

5.      AMRAS is without sufficient information to admit or deny the allegations of Paragraph 5 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

6.      AMRAS is without sufficient information to admit or deny the allegations of Paragraph 6 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

7.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 7 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

8.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 8 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

9.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 9 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

## Venue and Jurisdiction

10.     Upon information and belief, AMRAS admits that it responded to a call involving Lamar Vanlandingham on September 15, 2019, in Yukon, Oklahoma.  Insofar as further allegations are made in Paragraph 10 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

11.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 11 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

12.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 12 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

13.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 13 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

14.     Based on information and belief, after reviewing the court docket on OSCN, it appears that Plaintiff filed the original Petition on June 10, 2021 as alleged in Paragraph 14 of Plaintiff's Third Amended Complaint.

## Facts Relating to All Claims for Relief

15.     AMRAS admits that in the early morning of September 19, 2019, it responded to a call involving Mr. Vanlandingham for a report of a seizure.  Insofar as further allegations are made in Paragraph 15 of Plaintiff's Third Amended Complaint, AMRAS generally denies same, and Plaintiff is put to strict proof thereof.

16.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 16 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

17.     Upon information and belief, AMRAS admits it was the first emergency responding unit to arrive on the scene.  Insofar as further allegations are made in Paragraph 17 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

18.     AMRAS admits that initially, while it was the only emergency responder at the scene, it was in charge of the scene.  Insofar as further allegations are made in Paragraph 18 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

19.     AMRAS admits that Mr. Vanlandingham was displaying signs and symptoms of being in a postictal state as alleged in Paragraph 19 of Plaintiff's Third Amended Complaint.

20.     AMRAS admits that Mr. Vanlandingham was displaying signs and symptoms of being in a postictal state as alleged in Paragraph 20 of Plaintiff's Third Amended Complaint.

21.     AMRAS admits that Lamar Vanlandingham was initially conscious and responsive upon AMRAS's arrival on scene. However, his condition deteorated after arrival.  Insofar as further allegations are made in Paragraph 21 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

22.     AMRAS admits that Mr. Vanlandingham became aggressive and attempted to bite AMRAS personnel, and as a result, AMRAS personnel took steps to protect themselves against the assault by Mr. Vanlandingham by working to restrain him. Insofar as further allegations are made in Paragraph 22 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

23.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 23 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

24.     AMRAS admits that Mr. Vanlandingham continued assaulting and attempted battery of AMRAS personnel who were working to provide medical assistance to him. Insofar as further allegations are made in Paragraph 24 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

25.     AMRAS denies the allegations contained in Paragraph 25 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

26.     AMRAS denies the allegations contained in Paragraph 26 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

27.     AMRAS admits it requested assistance from other emergency responders after Mr. Vanlandingham became combative and assaulted and attempted battery on AMRAS personnel.  AMRAS specifically denies that its personnel made any false reports regarding Mr. Vanlandingham's actions.

28.     Upon information and belief, AMRAS admits that the Oklahoma City Fire Department responded to the scene.  Insofar as further allegations are made in Paragraph 28 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

29.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 29 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

30.     AMRAS denies the allegations contained in Paragraph 30 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

31.     The allegations contained in Paragraph 31 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

32.     The allegations contained in Paragraph 32 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

33.     The allegations contained in Paragraph 33 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault or attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.

34.     The allegations contained in Paragraph 34 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.

35.     The allegations contained in Paragraph 35 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.

36.     The allegations contained in Paragraph 36 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

37.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 37 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

38.     The allegations contained in Paragraph 38 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him. Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

39.     The allegations contained in Paragraph 39 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

40.     The allegations contained in Paragraph 40 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

41.     The allegations contained in Paragraph 41 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him. Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

42.     The allegations contained in Paragraph 42 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him. Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

43.    The allegations contained in Paragraph 41 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him. Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

44.    The allegations contained in Paragraph 44 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

45.    Insofar as these allegations of Paragraph 45 of Plaintiff's Third Amended Complaint are directed to others, AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS admits that once Oklahoma City Fire and Police took control of the scene, AMRAS personnel did not render further medical assistance until other emergency personnel requested a sedative be administered to Mr. Vanlandingham.

46.    Insofar as these allegations of Paragraph 46 of Plaintiff's Third Amended Complaint are directed to others, AMRAS is without sufficient information to admit or

deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS admits that once Oklahoma City Fire and Police took control of the scene, AMRAS personnel did not render further medical assistance until other emergency personnel requested a sedative be administered to Mr. Vanlandingham.

47.     AMRAS denies, as worded, the allegations in Paragraph 47 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.  AMRAS admits that an officer with the Oklahoma City Police Department arrived on the scene.

48.     The allegations contained in Paragraph 48 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.

49.     The allegations contained in Paragraph 49 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.

50.     The allegations contained in Paragraph 50 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and

Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.

51.     AMRAS admits that a request was made to place Lamar Vanlandingham into handcuffs by non-AMRAS personnel. Insofar as further allegations are made in Paragraph 51 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

52.     AMRAS admits that at a point Lamar Vanlandingham was put into handcuffs by non-AMRAS personnel. Insofar as further allegations are made in Paragraph 52 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

53.     The allegations contained in Paragraph 53 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.

54.     The allegations contained in Paragraph 54 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render

medical assistance to him.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

55.     The allegations contained in Paragraph 55 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

56.     The allegations contained in Paragraph 56 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

57.     The allegations contained in Paragraph 57 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

58.     The allegations contained in Paragraph 58 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

59.     AMRAS denies the allegations AMRAS denies the allegations contained in Paragraph 59 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.  AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.

60.     AMRAS denies the allegations contained in Paragraph 60 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.

61.     AMRAS denies the allegations contained in Paragraph 61 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

62.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 62 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

63.     AMRAS is without sufficient information to admit or deny the allegations of Paragraph 63 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

64.     The allegations contained in Paragraph 64 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient

information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

65.    AMRAS is without sufficient information to admit or deny the allegations of Paragraph 65 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.  AMRAS admits that Mr. Vanlandingham was displaying signs and symptoms of being in a postictal state as alleged in Paragraph 65 of Plaintiff's Third Amended Complaint.

66.    AMRAS denies the allegations contained in Paragraph 66 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

67.    AMRAS denies, as worded, the allegations in Paragraph 67 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.  AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

68.     Insofar as the allegations contained in Paragraph 68 of Plaintiff's Third Amended Complaint are directed to other parties, AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.  Insofar as they are directed to AMRAS, AMRAS contends Mr. Vanlandingham was combative with AMRAS personnel prior to the restraints being placed and with other personnel after the restraints were put in place, so AMRAS is without sufficient information to admit or deny the allegations contained in Paragraph 68, and Plaintiff is put to strict proof thereof.

69.     Insofar as the allegations contained in Paragraph 69 of Plaintiff's Third Amended Complaint are directed to other parties, AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.  Insofar as they are directed to AMRAS, AMRAS contends Mr. Vanlandingham was combative with AMRAS personnel prior to the restraints being placed and with other personnel after the restraints were put in place, so AMRAS is without sufficient information to admit or deny the allegations contained in Paragraph 69, and Plaintiff is put to strict proof thereof.

70.     The allegations contained in Paragraph 70 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. Insofar as they are directed to AMRAS, AMRAS contends Mr. Vanlandingham was combative with AMRAS personnel prior to the restraints being placed and with other personnel after the restraints were put in place, so

AMRAS is without sufficient information to admit or deny the allegations contained in Paragraph 70, and Plaintiff is put to strict proof thereof. Insofar as they are directed to AMRAS, AMRAS contends Mr. Vanlandingham was combative with AMRAS personnel prior to the restraints being placed and with other personnel after the restraints were put in place, so AMRAS is without sufficient information to admit or deny the allegations contained in Paragraph 70, and Plaintiff is put to strict proof thereof.

71.    The allegations contained in Paragraph 71 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. Insofar as they are directed to AMRAS, AMRAS contends Mr. Vanlandingham was combative with AMRAS personnel prior to the restraints being placed and with other personnel after the restraints were put in place, so AMRAS is without sufficient information to admit or deny the allegations contained in Paragraph 71, and Plaintiff is put to strict proof thereof.

72.    The allegations contained in Paragraph 72 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. Insofar as they are directed to AMRAS, AMRAS contends Mr. Vanlandingham was combative with AMRAS personnel prior to the restraints being placed and with other personnel after the restraints were put in place, so AMRAS is without sufficient information to admit or deny the allegations contained in Paragraph 72, and Plaintiff is put to strict proof thereof.

73.    The allegations contained in Paragraph 732 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. Insofar as they are directed to AMRAS, AMRAS contends Mr. Vanlandingham was combative with AMRAS personnel prior to the restraints being placed and with other personnel after the restraints were put in place, so AMRAS is without sufficient information to admit or deny the allegations contained in Paragraph 73, and Plaintiff is put to strict proof thereof.

74.    AMRAS denies, as worded, the allegations in Paragraph 74 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

75.    AMRAS denies that no medical treatment was ever provided to Lamar Vanlandingham after he was restrained as alleged in Paragraph 75 of Plaintiff's Third Amended Petition, and the same is therefore denied, and Plaintiff is put to strict proof thereof. AMRAS contends that Mr. Vanlandingham did assault and attempted to batter AMRAS personnel while they were attempting to render medical assistance to him.  Mr. Vanlandingham was a danger to himself and others in this condition, and AMRAS contends that safety is an important medical consideration.

76.    AMRAS denies the allegations contained in Paragraph 76 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

77.    AMRAS denies, as worded, the allegations contained in Paragraph 77 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

78.     AMRAS admits that soft restraints were discussed by emergency personnel. Insofar as further allegations are made in Paragraph 78 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

79.     AMRAS denies the allegations contained in Paragraph 79 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

80.     AMRAS denies, as worded, the allegations contained in Paragraph 80 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

81.     AMRAS denies, as worded, the allegations contained in Paragraph 81 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

82.     The allegations contained in Paragraph 82 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

83.     The allegations contained in Paragraph 83 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

84.     The allegations contained in Paragraph 84 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

85.    The allegations contained in Paragraph 85 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. Insofar as they are directed to AMRAS, it denies same and Plaintiff is put to strict proof thereof.

86.    Plaintiff's allegations with regard to the type of restraint made on Lamar Vanlandingham are directed to other parties, and therefore AMRAS is without sufficient information to admit of deny allegations related to same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof. Insofar as allegations in Paragraph 86 of Plaintiff's Third Amended Complaint are directed to AMRAS, it denies same and Plaintiff is put to strict proof thereof.

87.    AMRAS denies the allegations contained in Paragraph 87 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

88.    AMRAS denies the allegations, as worded, contained in Paragraph 88 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

89.    AMRAS denies the allegations contained in Paragraph 89 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

90.    AMRAS objects to Paragraph 90 of Plaintiff's Second Amended Complaint as stating a question of law instead of a question of fact.  AMRAS is without sufficient information to admit or deny the allegations of Paragraph 90 of Plaintiff's Second Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to

strict proof thereof.  AMRAS further states that Plaintiff has failed to fully and correctly describe Oklahoma law as to the standard of care.

91.     AMRAS denies the allegations contained in Paragraph 91 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

92.     AMRAS denies the allegations contained in Paragraph 92 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

93.     AMRAS denies the allegations contained in Paragraph 93 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

94.     AMRAS denies the allegations contained in Paragraph 94 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

95.     AMRAS denies the allegations contained in Paragraph 95 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

96.     AMRAS admits that at some point during the events of September 15, 2019, Lamar Vanlandingham lost consciousness.  Insofar as further allegations are made in Paragraph 96 of Plaintiff's Third Amended Complaint, AMRAS denies same and Plaintiff is put to strict proof thereof.

97.     The allegations contained in Paragraph 97 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

98.     AMRAS denies the allegations, as worded, contained in Paragraph 98 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

99.    The allegations contained in Paragraph 99 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.  Insofar as the allegations are directed to AMRAS, AMRAS denies same and demands strict proof thereof.

100.    AMRAS denies the allegations contained in Paragraph 100 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

101.    The allegations contained in Paragraph 101 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore AMRAS is without sufficient information to admit or deny same, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

102.    AMRAS admits that life-saving measures were conducted when emergency personnel identified Lamar Vanlandingham was in cardiac arrest. Insofar as further allegations are made in Paragraph 102 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

103.    AMRAS denies the allegations, as worded, contained in Paragraph 103 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

104.    AMRAS admits that Lamar Vanlandingham died at the scene of the response on September 15, 2019.  Insofar as further allegations are made in Paragraph 104 of Plaintiff's Third Amended Complaint, AMRAS denies same and Plaintiff is put to strict proof thereof.

105.    AMRAS is without sufficient information to admit or deny the allegations of Paragraph 105 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

106.    AMRAS is without sufficient information to admit or deny the allegations of Paragraph 106 of Plaintiff's Third Amended Complaint, which relate to the actions of other parties, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

107.    AMRAS is without sufficient information to admit or deny the allegations of Paragraph 107 of Plaintiff's Third Amended Complaint, which relate to the actions of other parties, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.   AMRAS states that Mr. Vanlandingham had been combative with AMRAS personnel during the course of AMRAS personnel attempting to render aid to him, so it is denied that there was a wrongful belief that Mr. Vanlandingham was being combative.

108.    AMRAS denies that any AMRAS personnel acted in any way that contributed or caused the death of Lamar Vanlandingham and therefore denies the allegations of Paragraph 108 as it relates to AMRAS.

109.    AMRAS objects to Paragraph 109 of Plaintiff's Third Amended Complaint as stating a question of law instead of a question of fact.   AMRAS further states that Plaintiff has failed to fully and correctly describe Oklahoma law as to the standard of care. Without waiving these objections, AMRAS denies the allegations contained in Paragraph 109 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

110.    AMRAS generally denies the allegations contained in Paragraph 110 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

111.    AMRAS denies the allegations contained in Paragraph 111 of Plaintiff's Third Amended Complaint directed to AMRAS, and Plaintiff is put to strict proof thereof. Insofar as further allegations are made in Paragraph 111 of Plaintiff's Third Amended Complaint, AMRAS denies same and Plaintiff is put to strict proof thereof.

### **Claims for Relief**

### **Claim I: Unlawful Seizure Under 42 USC § 1983**
### **(against all individual Defendants)**

AMRAS incorporates and re-alleges herein its responses and objections set forth in Paragraph 1-111 above.

112-118.  In response to the allegations contained in Paragraphs 112-118, AMRAS states that this cause of action is not directed towards it and therefore AMRAS is not required to Answer.  Insofar as any response is required, AMRAS denies same and demands strict proof thereof.

In response to Plaintiff's claim for judgment and relief following paragraph 118, AMRAS denies Plaintiff is entitled to recover any of the relief sought, and demands strict proof thereof.

### **Claim II: Excessive Force Under 42 USC § 1983**
### **(against all individual Defendants)**

AMRAS incorporates and re-alleges herein its responses and objections set forth in Paragraph 1-118 above.

119-126. In response to the allegations contained in Paragraphs 119-126, AMRAS states that this cause of action is not directed towards it and therefore AMRAS is not required to Answer.  Insofar as any response is required, AMRAS denies same and demands strict proof thereof.

In response to Plaintiff's claim for judgment and relief following paragraph 126, AMRAS denies Plaintiff is entitled to recover any of the relief sought, and demands strict proof thereof.

### Claim III: Civil Conspiracy to Violate/Deprive Constitutional Rights Under 42 USC § 1983 (against all individual Defendants)

AMRAS incorporates and re-alleges herein its responses and objections set forth in Paragraph 1-126 above.

127-131. In response to the allegations contained in Paragraphs 127-131, AMRAS states that this cause of action is not directed towards it and therefore AMRAS is not required to Answer.  Insofar as any response is required, AMRAS denies same and demands strict proof thereof.

In response to Plaintiff's claim for judgment and relief following paragraph 131, AMRAS denies Plaintiff is entitled to recover any of the relief sought, and demands strict proof thereof.

### Claim IV: Failure to Intervene Under 42 USC § 1983 (against all individual Defendants)

AMRAS incorporates and re-alleges herein its responses and objections set forth in Paragraph 1-131 above.

25

132-134. In response to the allegations contained in Paragraphs 132-134, AMRAS states that this cause of action is not directed towards it and therefore AMRAS is not required to Answer.  Insofar as any response is required, AMRAS denies same and demands strict proof thereof.

In response to Plaintiff's claim for judgment and relief following paragraph 134, AMRAS denies Plaintiff is entitled to recover any of the relief sought, and demands strict proof thereof.

### Claim V: Municipal Liability Under 42 USC § 1983
### (against the City)

AMRAS incorporates and re-alleges herein its responses and objections set forth in Paragraph 1-34 above.

135-148. In response to the allegations contained in Paragraphs 135-148, AMRAS states that this cause of action is not directed towards it and therefore AMRAS is not required to Answer.  Insofar as any response is required, AMRAS denies same and demands strict proof thereof.

In response to Plaintiff's claim for judgment and relief following paragraph 148, AMRAS denies Plaintiff is entitled to recover any of the relief sought, and demands strict proof thereof.

### Claim VI: Negligence Under Oklahoma Law
### (against the City and AMRAS)

AMRAS incorporates and re-alleges herein its responses and objections set forth in Paragraph 1-148 above.

149.    AMRAS denies the allegations contained in Paragraph 149 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

150.    AMRAS objects to Paragraph 150 of Plaintiff's Third Amended Complaint as it contains a question of law as opposed to an averment of fact.  To the extent that AMRAS is required to respond, AMRAS would deny this paragraph as it fails to fully and completely describe Oklahoma law.

151.    AMRAS denies the allegations contained in Paragraph 151 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

152.    AMRAS denies the allegations contained in Paragraph 152 of Plaintiff's Third Amended Complaint, and Plaintiff is put to strict proof thereof.

153.    AMRAS is without sufficient information to admit or deny the allegations of Paragraph 153 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

154.    AMRAS is without sufficient information to admit or deny the allegations of Paragraph 154 of Plaintiff's Third Amended Complaint, and the same are therefore generally denied, and Plaintiff is put to strict proof thereof.

155.    The allegations contained in Paragraph 155 of Plaintiff's Third Amended Complaint are directed to other parties, and therefore no response is required from AMRAS.  Insofar as a response is required, AMRAS denies same, and Plaintiff is put to strict proof thereof.

156.    AMRAS admits that the responding personnel on the EMSA ambulance were employees of AMRAS.  Insofar as further allegations are made in Paragraph 156 of

Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

157.    AMRAS admits that, based on the information known to date, the ambulance crew was acting within the scope of their employment during the call involving Lamar Vanlandingham.  Insofar as further allegations are made in Paragraph 157 of Plaintiff's Third Amended Complaint, AMRAS denies same, and Plaintiff is put to strict proof thereof.

In response to Plaintiff's claim for judgment and relief following paragraph 157, AMRAS denies Plaintiff is entitled to recover any of the relief sought, and demands strict proof thereof.  AMRAS specifically denies Plaintiff is entitled to recover any of the relief sought from AMRAS under the claim asserted against it in Plaintiff's Third Amended Complaint, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    AMRAS affirmatively denies the care and treatment provided was negligent in any respect and was instead in accordance with the prevailing standard of care.

2.    AMRAS denies that any of its agents, servants or employees was negligent in any way concerning the care and treatment of the deceased, Lamar Vanlandingham.

3.    AMRAS states that all of the care and treatment provided meets or exceeds the applicable standard of care.

4.    AMRAS asserts that the damages allegedly sustained by the deceased were alternatively caused by his general medical conditions, diseases, infections, or injury and/or

the result of pre-existing, unforeseeable or unavoidable complications due to the underlying conditions or injury of the deceased for which AMRAS is not responsible.

5.      AMRAS asserts that the damages allegedly sustained in this case are limited by the Affordable Access to Healthcare Act and by *Okla. Stat.* tit. 12, § 3009.1.

6.      Should AMRAS be found to have breached the standard of care in any respect, which is not admitted but is expressly denied, AMRAS states that any such breach was not the proximate cause of the deceased's medical outcome.

7.      AMRS affirmatively asserts that any damages sustained by the deceased were due to other unrelated conditions and/or the result of unperceivable and unavoidable complications due to the underlying conditions of the deceased for which Defendants are not responsible.

8.      For further answer and defense, AMRAS states that the deceased's condition was the result of an unavoidable incident, casualty and/or misfortune occurring without fault on the part of AMRAS.

9.      In the alternative, AMRAS states that the alleged injuries to the deceased were proximately caused by the negligence of third parties over whom AMRAS had no control and for whom AMRAS was not responsible.

10.     AMRAS is entitled to a credit or offset for all consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by between the Plaintiff and any other party or entity in regard to this circumstance.

11.     AMRAS would request this Court dismiss Plaintiff's claim for punitive damages as there is no evidence to support a punitive damages claim against it.

12.     AMRAS would state that Plaintiff's claim for punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article II, Section 7 of the Oklahoma Constitution for the following reasons:

      a.     The standards under which claims are submitted are so vague as to be effectively meaningless and threaten deprivation of property for the benefit for society without the protection of fundamentally fair procedures;

      b.     The highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; and,

      c.     The introduction of evidence of the Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to Plaintiff from any alleged wrongdoing, and therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

13.     AMRAS further states that Plaintiff's claim for punitive damages constitutes an unconstitutionally excessive fine under Article II, Section 9 of the Oklahoma Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment

bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

14.     AMRAS reserves the right to amend this Answer to state differing denials, affirmative defenses, counterclaims, cross claims and/or third-party claims during the course of discovery.

WHEREFORE, having fully answered Plaintiff's Third Amended Complaint, American Medical Response Ambulance Service, Inc. requests the Court to dismiss it from this lawsuit, with its costs expended, including recovery of all attorneys' fees and costs incurred in defending this lawsuit, and such other relief as the Court deems proper.

Respectfully submitted,

**RHODES, HIERONYMUS, JONES, TUCKER**
**& GABLE, P.L.L.C.**


BY:   /s/ Nathan E. Clark
        NATHAN E. CLARK, OBA #17275
        DENELDA L. RICHARDSON, OBA #20103
        Two West 2nd Street, Suite 1000 (74103-3131)
        P.O. Box 21100
        Tulsa, Oklahoma 74121-1100
        Telephone:   918/582-1173
        Facsimile:     918/592-3390
        nclark@rhodesokla.com
        drichardson@rhodesokla.com
        ATTORNEYS FOR DEFENDANT, AMERICAN
        MEDICAL RESPONSE AMBULANCE SERVICE, INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 30, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currentlyon file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF system.

/s/ Nathan E. Clark