IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CHARLES KALEB VANLANDINGHAM, )
Administrator for the Estate of CHARLES )
LAMAR VANLANDINGHAM, )
)
            Plaintiff, )
)
v. )   Case No. CIV-22-209-D
)
(1) CITY OF OKLAHOMA CITY, )
a municipal corporation; )
(2) AMERICAN MEDICAL RESPONSE )
AMBULANCE SERVICE, INC., a )
foreign corporation, )
(3) OFFICER BRANDON LEE, an employee )
of the Oklahoma City Police Department, )
individually, )
)
           Defendants. )

## ORDER

Before the Court is the Motion of Defendant Brandon Lee to Strike or Continue the Deadlines for Pretrial Submissions Pending Resolution of Defendant Lee's Qualified Immunity Defense [Doc. No. 147]. Defendant Lee asks the Court to strike or continue unexpired pretrial filing deadlines. Plaintiff objects, and the time for filing a response has not yet elapsed.

Upon consideration, however, the Court finds Defendant's motion should be granted.[1] It is the Court's customary practice to delay trial submissions until dispositive

---

[1] "[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (internal citations omitted).

motions are decided. The summary judgment process sometimes narrows the trial issues (through either clarification of the parties' positions or the Court's rulings), and the parties are better able to prepare for trial with the benefit of the Court's orders. Further, in cases like this one, where the parties have designated multiple experts as trial witnesses, the Court's determination of the admissibility of the experts' opinions may significantly affect trial submissions. Retaining the current deadline of June 2, 2025, for motions in limine and designations—when the parties' nine *Daubert* motions [Doc Nos. 131, 134, 135, 137, 138, 139, 140, and 142] and two summary judgment motions [Doc. Nos. 122 and 124] will remain pending—would be wasteful of the parties' resources. Premature trial-related filings could also need revision, or might even become moot, if the Court makes a summary disposition of some claims or merits issues or excludes expert testimony.

**IT IS THEREFORE ORDERED** that the deadlines for trial disclosures and submissions should be held in abeyance pending the disposition of Defendants' motions for summary judgment and related *Daubert* motions. Such deadlines will be reset by separate Order from the Court.

**IT IS SO ORDERED** this 22nd day of May, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge